# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00534-CR

**Jose Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 98809, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jose Garcia guilty of murder, for which it assessed punishment at life imprisonment and a $10,000 fine. *See* Tex. Pen. Code Ann. § 19.02 (West 2003). Appellant's only point of error complains of the prosecutor's jury argument at the punishment stage. We will affirm the conviction.

The court's punishment charge included the statutory instruction on good time and parole in effect in March 1989, when the offense was committed. *See* Act of May 15, 1987, 70th Leg., R.S., ch. 1101, § 15, 1987 Tex. Gen. Laws 3750, 3765 (current version at Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2005)). The prosecutor referred to the instruction during the State's opening punishment argument:

Under the law applicable in this case, the defendant is eligible possibly, if you sentence him to a term of prison, for some good conduct time and possibly he would receive some parole. And what the judge read to you was that you can know that fact that he could be eligible for parole. He could be eligible for — earning good conduct time, but you are not to consider that when you go back there to determine a number of years that he is to serve in prison for taking the life of Tina DeLeon. You just know that is possible. That is administered by the parole board and will not be decided by this court, so we can't predict how it might be administered or not, but you are just put on notice in the charge that it is a possibility.

It does say here that you are not to consider the extent to which the good conduct time or parole law might be applied to this particular defendant. The judge read to you the law about the term of imprisonment, and if you choose a number of years — I want to give you a couple of examples so that you can understand what that really means. He would have to serve basically a quarter of the time that you would assess for him under the laws applicable in '89. And that means that if you chose to give him 60 years in prison for killing Tina DeLeon, he would serve 15.

Appellant immediately objected to the last comment: "I think she said 'he would serve.' And of course that's speculative. We don't know."

The court called the attorneys to the bench and admonished the prosecutor, "[T]he way you said it, it sounded conclusively like he'd serve 15 years. Just make that clear. Do you see what I'm saying?" The prosecutor said she did. Appellant then added the following objection, "Your Honor, I think the prior law actually said you weren't supposed to make any comment regarding any kind of calculations, because there's no way you could make a calculation, and I would object to her making any type of calculation which would — ." The court interjected, "She's not making a calculation as long as she just refers to the charge and says — reads the charge and then leaves it up to the jury. I'll let her read the charge, which you can go through calculations or tell them, you know, 40 years, equals 10 . . . . Just go with the law as it reads." The bench conference ended and the prosecutor returned to her argument:

2

Thank you, Judge. As I was saying, in the charge it clearly says if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-fourth of the sentence imposed or 15 years, whichever is less. It does also say if you should sentence him [to] a term of less than six years, he would have to serve at least two years before he would be eligible for parole.

Appellant's first objection properly challenged the prosecutor's conclusive statement that appellant would serve fifteen years if given a sixty-year sentence. The court effectively affirmed that objection by instructing the prosecutor to clarify her remark for the jury. Appellant requested no further relief in that regard. *See Miller v. State*, 83 S.W.3d 308, 319 (Tex. App.—Austin 2002, pet. ref'd) (to preserve error, objecting party must obtain adverse ruling). Appellant's objection to the prosecutor making "any kind of calculations" was at least partly overruled by the court, but whether or not that ruling was correct, the prosecutor did not pursue that line of argument. Instead, she simply restated the express language of the statutory instruction regarding eligibility for parole.

Finding no error preserved for review, we overrule the point of error and affirm the judgment of conviction.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: September 30, 2004

Do Not Publish

3